# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**LONNY BRISTOW,**

       **Plaintiff,**

                              **Civil Action 2:10-cv-00958**
      **v.**                          **Judge James L. Graham**
                                    **Magistrate Judge E.A. Preston Deavers**

**WILLIAM A. ELEBY,**

       **Defendant.**


## <u>ORDER and REPORT AND RECOMMENDATION</u>

Plaintiff, Lonny Bristow, who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendant, William A. Eleby, Chief of the Bureau of Classification and Reception, alleging that Defendant violated his Constitutional rights.  This matter is before the Court for consideration of Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* status, Limit Plaintiff's Future Federal Court Filings and Dismiss the Instant Case (ECF No. 6), Defendant's Motion to Strike (ECF No. 12), and Plaintiff's Motion to Accept Supplement (ECF No. 13).  For the reasons that follow, Defendant's Motion to Strike is **DENIED**, Plaintiff's Motion to Accept Supplement is **GRANTED**.  In addition, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** as barred by the doctrine of res judicata.

## I. BACKGROUND

Plaintiff is a former prisoner.  Until May 2010, Plaintiff was incarcerated at the Southern Ohio Correctional Facility ("SOCF"), an Ohio Department of Rehabilitation and Correction ("ODRC") maximum security prison.  According to Plaintiff's Complaint, in 2001, while at SOCF, Steve Hamilton, also a prisoner, recounted facts to Plaintiff concerning aggravated robberies that were part of an ongoing trial involving Hamilton.  Plaintiff reported the facts about the aggravated robberies to prison authorities and later testified against inmate Hamilton in the Scioto County Court of Common Pleas.  As a result of Plaintiff's testimony, inmate Hamilton was convicted and sentenced to an additional twenty-seven years in prison.  Soon after testifying, Plaintiff received a handwritten letter from Joshawa Reed, another prisoner, stating "I run thick through Lucasville," which Plaintiff construed as a death threat.  (Compl. ¶ 5, ECF No. 3.) Plaintiff alleges that inmates Hamilton and Reed were both members of the Aryan Brotherhood prison gang.  Plaintiff turned over inmate Reed's letter to SOCF authorities and requested placement in protective control.  The prison granted Plaintiff's request.  Thereafter, for many years, Plaintiff had been granted institutional separation from inmates Hamilton and Reed.  In January 2006, Plaintiff was transferred back to SOCF.  Defendant subsequently transferred inmates Hamilton and Reed to SOCF, but denied Plaintiff's requests to be placed in protective control.  In October 2008, an unidentified inmate fractured Plaintiff's nose.  Then, several days later, another unidentified inmate assaulted Plaintiff.  Plaintiff alleges that inmate Reed ordered these attacks.  After this second attack, Plaintiff was placed in protective control.

Once back in protective control, Plaintiff initiated a suit in this Court against Defendant Eleby, *Bristow v. Eleby*, Case No. 08-cv-250 (S.D. Ohio) ("250 Case").  In this action, as in the instant case, Plaintiff alleged that Defendant Eleby acted with deliberate indifference to his

safety because he failed to place him in protective control after transferring inmate Hamilton to SOCF.  In support of his claims against Defendant, Plaintiff referenced his testimony against inmate Hamilton, inmate Reed's letter stating "I run thick through Lucasville," the history of institutional separation from inmates Reed and Hamilton, and Defendant's denial of Plaintiff's request to be placed in protective control.  (250 Case, Am. Compl. ¶¶ 3, 4, 6 , 8–19, 26, 27, ECF No. 7.)  Based upon the two assaults, Plaintiff moved for injunctive relief, seeking placement in protective control and transfer to an institution other than SOCF.  (250 Case, ECF No. 60.)  The Court denied Plaintiff's request for relief, primarily because Plaintiff was, at that time, already in protective custody.  (250 Case, December 8, 2008 Report and Recommendation 5–7, ECF No. 84.)  More than two years after filing the 250 Case, Plaintiff moved to voluntarily dismiss the action, acknowledging that "this dismissal will operate as a dismissal *with* prejudice."  (250 Case, ECF No. 111 at ¶ 40.)  The Court agreed and dismissed Plaintiff's case with prejudice. (250 Case, ECF No. 113.)

　　While the 250 Case was pending in this Court, Plaintiff filed another case in the United States District Court for the Southern District of Ohio Western Division, *Bristow v. Davis*, *et al.*, Case No. 1:08-cv-900 (W.D. Ohio) ("900 Case").  In the 900 Case, Plaintiff sought declaratory, injunctive, and monetary relief against Defendant Eleby and Cynthia Davis, SOCF Protective Control Committee Chairperson, for their alleged deliberate indifference to his safety as exhibited by their denial of Plaintiff's request to be placed in protective control and their transfer of Reed to SOCF.  His claims were again premised upon his allegations that he had testified against fellow SOCF inmate Hamilton; that he had subsequently received a death threat from fellow SOCF inmate Reed, that he had a history of protective control, and the denial of his requests to be placed in protective control after inmates Reed and Hamilton were transferred to

3

SOCF.  (900 Case, Compl. ¶¶ 1, 2, 4–5, 11–17, 21, and 33, ECF No. 1-1.)  Plaintiff also referenced the October 2008 incident, wherein another inmate fractured his nose.  (*Id.* at ¶ 25.)  Upon consideration of Plaintiff's motion to proceed *in forma pauperis* and his complaint, the Court denied his motion and dismissed his complaint as malicious under 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A.  (900 Case, January 26, 2009 Order, ECF No. 2.)  The Court explained that the issue of whether Defendant Eleby "has been or is presently deliberately indifferent to [P]laintiff's safety" was being litigated in the 250 Case, and thus, this action was duplicative and malicious.  (*Id.* at 5.)  Plaintiff sought reconsideration of the Court's order pursuant to Federal Rule of Civil Procedure 60(b)(1), arguing that his Complaint was not duplicative.  He maintained that the 900 Case was based on the presence of inmate Reed, while the 250 Case was based on the presence of inmate Hamilton.  The Court denied Plaintiff's motion, explaining that "whether defendant Eleby is or has been deliberately indifferent to plaintiff's safety, whether from any danger posed by inmate Hamilton or inmate Reed, is an issue to be resolved by [the 250 Case]."  (900 Case, February 11, 2009 Order 2, ECF No. 7.)  The Court concluded that the 900 Case was properly dismissed as malicious.

Upon Plaintiff's release from prison, he filed the instant action under 42 U.S.C. § 1983, once again alleging that Defendant's failure to continue Plaintiff's institutional separation from inmates Reed and Hamilton, and his denial of Plaintiff's request to be placed in protective control constituted deliberate indifference to his safety in violation of his Eighth Amendment rights. Defendant moves to dismiss this action as barred by the doctrine of res judicata and for failure to state a claim.  (ECF No. 6.)  In addition, Defendant asks the Court to revoke Plaintiff's *in forma pauperis* status and to place limits on his future filings.  Plaintiff opposes dismissal, asserting that the doctrine of res judicata is inapplicable under the circumstances of this case.

4

Defendant's motion to strike Plaintiff's Supplemental Memorandum is also pending. (ECF No. 12.)  Defendant asks the Court the strike Plaintiff's Supplemental Memorandum because he failed to comply with Southern District of Ohio Local Civil Rule 7.2(a)(2), which limits the memoranda that may be filed without leave of Court to the opposition and reply.  In response, Plaintiff filed a motion requesting leave to file his Supplemental Memorandum and asking the Court deny Defendant's Motion to Strike.  (ECF No. 13.)

## II.  THE DOCTRINE OF RES JUDICATA

Defendant contends that the doctrine of res judicata operates to bar the instant action. Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  *Montana v. U.S.*, 440 U.S. 147, 153 (1979).  The United States Court of Appeals for the Sixth Circuit has instructed that res judicata requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."  *Kane v. Magna Mixer Co*., 71 F.3d 555, 560 (6th Cir. 1995).  "The purpose of res judicata is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources."  *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

## III.  ANALYSIS

As a preliminary matter, the Court **DENIES** Defendant's Motion to Strike and **GRANTS** Plaintiff's Motion to Accept Supplement.  Accordingly, the undersigned has reviewed and considered Plaintiff's Supplemental Memorandum.

The undersigned agrees with Defendant, that res judicata operates to bar the instant action.  The instant action simply reasserts the same claims and causes of action against Defendant Eleby arising out of the same facts Plaintiff alleged in the 900 Case and the 250 Case. More specifically, in this case, as in the prior actions, Plaintiff asserts that Defendant Eleby acted with deliberate indifference to his safety in failing to maintain institutional separation between himself and inmates Reed and Hamilton and in refusing his requests to be placed in protective control.  In addition, in all of the actions, Plaintiff's deliberate indifference claims are premised upon the same facts and allegations, namely, his testimony against inmate Hamilton, inmate Reed's subsequent threat, and his history of protective control and institutional separation from inmates Hamilton and Reed.

With regard to the 900 Case, Plaintiff does not dispute that the instant action simply reasserts the same claims and causes of action against Defendant Eleby arising out of the same facts.  Indeed, Plaintiff, in his Memorandum in Opposition, states that he "did try and file this very suit in case # 08-CV-900."  (Pl.'s Mem. in Opp. 3, ECF No. 8.)  Instead, Plaintiff appears to conclude the that 900 Case does not provide a basis for claim preclusion because the Court did not reach the required final judgment on the merits.  Plaintiff states that the Court dismissed the 900 Case "because plaintiff did not meet the imminent danger of serious physical injury requirement because he was in protective control."  (Supplemental Memorandum 2, ECF No. 10.)

Although Plaintiff is correct that, in the 900 Case, the Court did deny Plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §§ 1915(g), the Court also *sua sponte* dismissed Plaintiff's Complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). The Court then denied Plaintiff's motion for reconsideration, which specifically challenged the

6

Court's conclusion that the 900 Case should be dismissed under § 1915(e) as malicious.  A court's dismissal of a "complaint pursuant to the provisions of § 1915(e) . . . constitutes an adjudication on the merits for purposes of res judicata." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)).  Thus, the undersigned rejects Plaintiff's assertion that Court cannot rely on the 900 Case as a basis for concluding that his Complaint is barred by the doctrine of res judicata.

The undersigned also rejects Plaintiff's contention that claim preclusion does not flow from the 250 Case.[1]  Plaintiff does not seem to dispute that the Court in the 250 Case reached a final decision on the merits for purposes of res judicata.  In the 250 Case, the Court dismissed Plaintiff's action with prejudice.  "A dismissal with prejudice acts as an adjudication on the merits and a bar to any further action between the parties on the claim." *Harrison v. Randolph*, No. 201-cv-1082, 2001 WL 1678791, at *1 (S.D. Ohio Dec. 31, 2001) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001)).  Further, Plaintiff acknowledges that the facts of both cases are identical.  (Pl.'s Mem. in Opp. 3, ECF No. 8 ("the factual predicate for both Reed and Hamilton are the same").)  Plaintiff appears to contend, however, that res judicata does not apply because the claims in the instant action differ from the claims in the 250 Case.  Specifically, he explains that the 250 Case is based on the presence of inmate Hamilton at SOCF as contrasted with the instant case, which is based on the presence of inmate Reed at SOCF.  The undersigned is not persuaded that the distinction is one that makes a difference in the outcome of

---

[1]Even if the 250 Case did not give rise to claim preclusion, the undersigned would recommend dismissal based upon the claim preclusion arising from the 900 Case.  The undersigned nonetheless addresses Plaintiff's arguments with regards to the 250 Case for the sake of completeness and as an alternative basis for applying the doctrine of res judicata.

this case.  In *Wilkins v. Jakeway*, 183 F.3d 528 (6th Cir. 1999), the Sixth Circuit discussed the

applicability of res judicata in a similar situation:

> Although we do not question the veracity of counsel's intent, the fact remains
> that, by bringing two different suits which present two different theories of the
> case arising from the same factual situation, counsel has engaged in the precise
> behavior the doctrine res judicata seeks to discourage.  *See generally* Restatement
> (Second) of Judgments § 24, 25 cmt. a, d (explaining that res judicata
> extinguishes all claims arising out of the same transaction of series of
> transactions. As such, a plaintiff is pressured to present all material relevant to the
> claim in one action, including any and all theories of the case even where those
> theories are based on different substantive grounds.). This type of duplicity
> should be avoided at all costs. "Courts apply the doctrine of res judicata to
> promote the finality of judgments, which in turn increases certainty, discourages
> multiple litigation and conserves judicial resources."  *Sanders Confectionery
> Products, Inc., v. Heller Financial Inc*., 973 F.2d 474, 480 (6th Cir. 1992), *cert.
> denied*, 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993).

183 F.3d at 535.  The Court in the 900 Case similarly rejected Plaintiff's assertions that the 900

Case was not duplicative of the 250 Case because the 250 Case was premised upon the presence

of inmate Hamilton whereas the 900 Case was premised upon the presence of inmate Reed.  The

Court explained that: "[w]hether defendant Eleby is or has been deliberately indifferent to

plaintiff's safety, whether from any danger posed by inmate Hamilton or inmate Reed, is an issue

to be resolved by *Bristow v. Eleby*, Case No. 2:08-cv-00250."  (900 Case, February 11, 2009

Order 2, ECF No. 7.)

In sum, the undersigned concludes that the doctrine of res judicata operates to bar the

instant action.  Based upon this conclusion, the undersigned declines to consider Defendant's

alternative basis for dismissal or to discuss the issue of vexatious litigation with respect to

Plaintiff's filings.  The Court, however, cautions Plaintiff that any future filing arising from the

facts upon which this action is based will meet with the identical fate and that the Court may, in

that instance, be inclined to take up the issue of whether he should be limited in his ability to

pursue additional lawsuits in federal court.

## IV.    CONCLUSION

The Court **DENIES** Defendant's Motion to Strike (ECF No. 12) and **GRANTS**

Plaintiff's Motion to Accept Supplement (ECF No. 13).  In addition, the undersigned

**RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss, dismissing the action

as barred by the doctrine of res judicata.  (ECF No. 6.)

## V.    PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex

Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: July 6, 2011                         /s/ *Elizabeth A. Preston Deavers*
                                            Elizabeth A. Preston Deavers
                                            United States Magistrate Judge